FILED

March 14, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 2:44 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| TANNER REED, | ) | Docket No. 2016-06-1894 |
| Employee, | ) | |
| v. | ) | State File No. 77139-2016 |
| BARRY GARRISON, | ) | |
| Employer. | ) | Judge Joshua Davis Baker |
| | ) | |

## EXPEDITED HEARING ORDER

This claim came before the Court on March 1, 2017, on the Request for Expedited Hearing filed by Tanner Reed. The focus of this case is whether Mr. Reed is entitled to medical and temporary disability benefits for injuries to his left index finger and thumb. Barry Garrison opposes Mr. Reed's claim for benefits, arguing his injury resulted from the effects of Mr. Reed's illegal drug usage. For the reasons set forth below, the Court holds that Mr. Reed is likely to prevail at a hearing on the merits in proving his entitlement to workers' compensation benefits.

### Claim History

Mr. Reed severed his left index finger and lacerated his left thumb on September 29, 2016, while sawing laminate for installation in a new-construction home in Portland, Tennessee. At the Expedited Hearing, Mr. Garrison, a sole-proprietor, acknowledged Mr. Reed was working for him that day. While he did not witness the accident, he heard and saw Mr. Reed distraught and frantic, post-accident, and recalled that "part of his finger; it was gone." Andy Caldwell, a co-worker, said he retrieved Mr. Reed's finger from the area of the table-saw.

After receiving preliminary emergent care at TriStar Portland Emergency Room, Mr. Reed went by ambulance to Vanderbilt Medical Center for surgery. He declined pain medication, fearing a relapse of his past drug addiction. Later that night, intense pain compelled him to seek treatment at TriStar Greenview Regional Hospital in Kentucky, where he resided. He testified he currently receives treatment from Dr. Reuben Bueno at Vanderbilt Medical Center. Mr. Reed testified he has outstanding medical bills and was out of work from the date of his accident until November 21, 2016; however, he did not

introduce medical records or bills into evidence at the Expedited Hearing to support his claim for medical and temporary disability benefits.

When asked during his testimony if he had workers' compensation insurance at the time of the accident, Mr. Garrison responded he had an exemption for himself, which is what he "thought [he] was supposed to have."

Mr. Caldwell, who is Mr. Garrison's brother-in-law, testified Mr. Reed did not appear intoxicated or impaired the day of his accident.

## Findings of Fact and Conclusions of Law

The following general principles govern adjudication of this proceeding. Mr. Reed has the burden of proving all essential elements of his workers' compensation claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). Mr. Reed must present evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds he carried this burden.

Mr. Reed credibly testified he severed his left finger with a table-saw while working for Mr. Garrison. Two witnesses, Mr. Garrison and Mr. Caldwell, supported Mr. Reed's testimony. Both men said he was sawing laminate for Mr. Garrison and both saw his severed finger immediately post-accident. Thus, the Court finds Mr. Reed is likely to prevail at a hearing on the merits in proving he suffered an injury arising primarily out of the course and scope of his employment.

Mr. Garrison contends Mr. Reed's claim is not compensable because of illegal drug usage. While "no compensation shall be allowed for an injury or death due to the employee's intoxication or illegal drug usage," the employer has the burden to prove illegal drug use was a proximate cause of the accident and not just a remote or contributing cause. Tenn. Code Ann. section 50-6-110(a)(3) and (b) (2016); *Alford v. Bruce Hardwood Floors,* 1999 Tenn. LEXIS 283, at *8 (Tenn. Workers' Comp. Panel May 28, 1999). Mr. Caldwell provided the only testimony on the issue: he testified Mr. Reed did not appear intoxicated or impaired on the day of his accident. Additionally, there is no drug test showing that Mr. Reed was under the influence of drugs or alcohol. Thus, the Court finds Mr. Garrison is unlikely to prevail with this defense at a hearing on the merits.

To receive temporary total disability benefits, Mr. Reed must prove: (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *James v. Landair Transp., Inc.,* 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at

*16 (Aug. 26, 2015). While his injury is obvious and Mr. Reed testified he could not work for two weeks after the date of injury, he failed to submit any medical proof showing that a doctor took him off work completely. Accordingly, the Court holds he is unlikely to prevail at a hearing on the merits in proving entitlement to temporary total disability benefits. The Court notes, however, that this holding does not prevent Mr. Reed from submitting medical proof of his inability to work and filing a new request for expedited hearing seeking those benefits.

Lastly, the Court feels compelled to address Mr. Reed's qualification for benefits under the Uninsured Employers Fund Benefit Provision Act. *See* Tenn. Code Ann. 50-6-801 *et seq*. (2016). This Act provides a limited benefit to employees injured while working in the course and scope of employment for an employer who failed to carry workers' compensation insurance. The Court holds Mr. Reed does not qualify for these benefits.

Mr. Garrison testified he did not have workers' compensation insurance at the time of Mr. Reed's injury. Although he is on the Workers' Compensation Exemption Registry, that does not exempt him from providing workers' compensation insurance for his employees. *Id*. at §50-6-902(d). Mr. Reed was Mr. Garrison's employee. However, although Mr. Reed suffered an injury while working for an employer without workers' compensation insurance, the Court finds Mr. Reed is not eligible for benefits from the Bureau's Uninsured Employers Fund because Mr. Reed testified he was living in Kentucky when injured. Under the Act, only Tennessee residents are eligible for benefits. *See id*. at § 50-6-801(d)(1)-(5).

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Reed's injuries, including services already received, shall be paid by Mr. Garrison. Dr. Reuben Bueno shall be Mr. Reed's authorized treating physician. Medical bills for Mr. Reed's past and ongoing care shall be furnished to Mr. Garrison's counsel by Mr. Reed or his medical providers.

2. This matter is set for a Scheduling Hearing on April 17, 2017, at 10:00 a.m. (CDT). This hearing will take place via telephone. The parties must dial 615-741-2113 or 855-874-0474 toll-free to participate in the hearing.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Employer must submit confirmation of compliance with this Order to the Bureau by email to wccompliance.program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary

confirmation within the period of compliance may result in a penalty assessment for non-compliance.

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at wccompliance.program@tn.gov or by calling (615) 253-1471.

**ENTERED THIS THE 14ᵀᴴ DAY OF MARCH, 2017**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Mr. Reed's affidavit

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Mr. Garrison's Objection to the Dispute Certification Notice
5. List of Additional Disputed Issues

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the _14th_ the day of March, 2017.

| Name | Certified Mail | Via Fax | Via Email | Addresses |
|------|------|------|------|------|
| Tanner Reed | | | X | Tannerreed9428@gmail.com |
| Thomas Jay Martin, Jr., Attorney | | | X | thomas@thomasmartinjr.net |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov

6